FILED
SUPERIOR COURT
OF GUAM

2021 FEB 15 PM 4: 03

BY_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| IN THE MATTER OF THE ESTATE<br><br>OF<br><br>ANA LIZAMA REYES,<br><br>Deceased. | Probate Case No. PR0120-18<br><br>DECISION AND ORDER<br>CONFIRMING THE SALE OF THE<br>ESTATE'S REAL PROPERTY |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on January 6, 2021 for hearing on Esther R. Lord's ("Petitioner's") Second Verified Petition For An Order Confirming The Sale of The Estate's Real Property ("Second Petition"). Attorney Phillip Torres represents Petitioner, and Elizabeth Field represents herself. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **CONFIRMS** Petitioner's Sale of the Estate's Real Property.

### BACKGROUND

Ana Lizama Reyes ("Decedent") passed away on September 22, 2000, in Guam. (Certificate of Death, Sep. 28, 2000). At the time of her death, Decedent was a resident of Guam and left property in the territory of Guam subject to administration as follows:

> Lot No. 3417-3, Mangilao, Guam, Estate No. 57793, Suburban, as said lot is described in that Parcelling Map of Lot 3417-R2, as shown on Drawing No. EBM 79-26, as L.M. Check Number 421 FY 79, dated February 2, 1980 and recorded on November 5, 1980, at the Department of Land Management under Instrument No. 316871. Certificate of Title No. 68172. Area 10,000 ± square feet or 929 ± square meters ("Property").

Decision and Order Confirming the Sale of the Estate's Real Property
PR0120-18, *In the Matter of the Estate of Ana Lizama Reyes*
Page 1 of 5

No will has been found despite due search and inquiry, and it is believed that Decedent died intestate. (Petition for Letters of Administration, Jul. 27, 2018). Petitioner was appointed Administratrix of the Estate. (Order Appointing Administratrix, Nov. 7, 2018). Both Petitioner and Elizabeth Field are heirs of the Decedent. (Petition for Letters of Administration, Jul. 27, 2018).

As part of her duties as Administratrix, Petitioner obtained an appraisal of the Property on November 8, 2018. (Second Petition, Feb. 5, 2020). The appraisal determined the Property's market value was two hundred thirty-two thousand four hundred dollars ($232,400.00) as of March 8, 2019. Id.

Petitioner then hired Pacifica Real Estate, a realty company, to market the Property and obtain purchase offers. Id. This agreement paid the realty company six percent (6%) market commission. Id. The listing agent chosen (Lance Lord) was Petitioner's husband. (Declaration of Esther R. Lord, Feb. 21, 2020). The Administratrix received multiple offers. Id.

On October 9, 2020, the Administratrix entered into a Contract of Sale with Donovan J.C. Gozalo and Amannie Marie Quenga Pangelinan (collectively the "Buyers"). (Reply to Objection for an Order Confirming the Sale of the Estate's Real Property, Nov. 27, 2020). The Buyers agreed to purchase the Property for the sum of three hundred thousand dollars ($300,000.00). Id. The Administratrix sent written notice of the Property's sale to each of the heirs. Id.

On November 24, 2020, Elizabeth Field filed her Objection to Payment of Commission on Sale of Estate Asset ("Objection"). (Objection, Nov. 24, 2020). Elizabeth argued Petitioner failed to comply with 15 G.C.A. § 2325, as she did not seek the Court's approval when selecting the listing agent. Id. Furthermore, Elizabeth claims there is a conflict of interest because the listing agent chosen (Lance Lord) was Petitioner's husband. Id. For these reasons, Elizabeth objects to the payment of a commission to Lance Lord, but does not object to the sale. Elizabeth also raised other issues such as challenging Petitioner's ownership over several items in the Property (i.e., a stove, refrigerator, range hood, A/C unit, and shutters), as well as demanding reimbursement for a deposition fee. Id.

Decision and Order Confirming the Sale of the Estate's Real Property
PR0120-18, In the Matter of the Estate of Ana Lizama Reyes
Page 2 of 5

The Court held a hearing on January 6, 2021. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

Because Elizabeth does not object to the sale itself, the Court only need analyze whether the the payment of a commission to Lance Lord was appropriate. Elizabeth's objections center around her belief that Lance's selection as the real estate agent was unfair.

**I.    Petitioner Had The Right to Appoint Lance Lord as the Real Estate Agent**

The "personal representative" of the estate "may enter into a written contract with a bona fide agent or broker... to secure a purchaser for any real or personal property of the estate." (15 G.C.A. § 2325(a)).

Petitioner, acting as Administratrix of the Estate did exactly that by choosing Lance Lord as their real estate agent. While the real estate agent chosen (Lance Lord) was Petitioner's husband, he is both a licensed real estate agent and is familiar with the Property. (Declaration of Esther R. Lord, Feb. 21, 2020). There is nothing that prohibits the real estate agent chosen from being a relative of the Administratrix. Furthermore, nothing suggests that Lance held improper motives when finding a buyer or organizing the sale. In fact, Lance was able to secure multiple offers for the Property and ultimately sold the house for well over its appraisal value, thus complying with 15 G.C.A. § 2345. Lance provided Petitioner and the other heirs an advantageous sales opportunity, and by all accounts did a good job acting as the real estate agent.

**II.   Petitioner Did Not Need Court Approval When Selecting the Listing Agent**

Elizabeth also challenges the commission by claiming Petitioner was required, and failed to obtain the Court's approval when selecting Lance as their real estate agent.

Elizabeth cites to 15 G.C.A. § 2325 when making this claim. (Objection, Nov. 24, 2020). However, nowhere in 15 G.C.A. § 2325 does it say that the Court must first give approval when the Administratrix contracts with a listing agent. Court

Decision and Order Confirming the Sale of the Estate's Real Property
PR0120-18, *In the Matter of the Estate of Ana Lizama Reyes*
Page **3** of **5**

approval is only required if the contract gives "an exclusive right" to sell the property, and that is not the case here. (15 G.C.A. § 2325(a)). As such, Petitioner complied with 15 G.C.A. § 2325 when selecting the listing agent and did not need court approval when doing so.

III. **The Payment of a Six Percent (6%) Commission to Lance Lord was Approriate**

Having confirmed Lance's agency appointment as proper, the Court must now determine if Petitioner had the right to pay Lance a six percent (6%) commission.

Once the Administratrix properly appoints a real estate agent, their "contract may provide for the payment of a commission out of the proceeds of the sale." (15 G.C.A. § 2325(a)). There is no absolute cap on what that commission may be. Furthermore, a six percent (6%) commission is standard in the industry, and real estate agents typically charge that amount. (Declaration of Esther R. Lord, Feb. 21, 2020). Lance sold the Property for nearly thirty percent (30%) above its appraisal value. A six percent (6%) commission seems fair and the agreement was made in the best interests of the Estate.

IV. **Elizabeth's Reimbursement Demands Should be Addressed at a Hearing on a Petition for Final Distribution**

Elizabeth also requests $295 for reimbursement from Petitioner when she purchased a copy of her September 12, 2019 deposition with Torres Law Group. However, whether Petitioner or the Estate should pay this billing is irrelevant to both the confirmation of sale and the commission payment. This issue would be better addressed at a hearing on a Petition for Final Distribution. As such, the Court will hold off responding to this issue until the appropriate setting.

## CONCLUSION

For the reasons stated above, the Court **CONFIRMS** the Petitioner's sale of Lot No. 3417-3 in Mangilao Guam. This sale of the Property is in the best interest of the Estate. Petitioner, acting as Administratrix of the Estate shall have the authority to pay the commissions, costs, expenses, and

Decision and Order Confirming the Sale of the Estate's Real Property
PR0120-18, *In the Matter of the Estate of Ana Lizama Reyes*
Page 4 of 5

taxes of sale. Petitioner will thereafter deposit the net funds into the Estate Trust account to be disbursed in accordance with the heirs' respective interests as determined by the Court at the hearing on the Petition for Final Distribution.

**IT IS SO ORDERED** this **FEB.15,2021**.

_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
TORRES LAW GRP
B- Concepcion
Date: 2/15/21 Time: 4:15PM
_____
Deputy Clerk, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
TORRES LAW GROUP
B. Concepcion
Date: 2/15/21 Time: 4PM
_____
Deputy Clerk, Superior Court of Guam

Decision and Order Confirming the Sale of the Estate's Real Property
PR0120-18, *In the Matter of the Estate of Ana Lizama Reyes*
Page **5** of 5